# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS CENTRAL RAILROAD COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-cv-10246 |
| ) | Hon. Gary Feinerman |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## AGREED MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff Illinois Central Railroad Company ("IC") and defendant United States of America hereby jointly move this Court to enter a final judgment in this action, substantially in the form attached to this motion as Exhibit A, in favor of the plaintiff IC and against the defendant. The proposed judgment states the amount of the tax refunds under the Railroad Retirement Tax Act, 26 U.S.C. §§ 3201-3241 ("RRTA"), to be paid to IC (including both employer tax and employee tax), plus interest and costs to the plaintiff.

## BACKGROUND AND DISCUSSION

This Court originally decided this case for the defendant on cross motions for summary judgment, holding that stock in IC's parent company, Canadian National Railway Company ("CN"), transferred to employees when they exercised stock options was a form of "money remuneration" and hence was taxable "compensation" under the RRTA, 26 U.S.C. § 3231(e). See opinion and judgment entered July 8, 2016 (Dkt 33 and 34 in the instant docket), reported as *Wisconsin Central Ltd. v. United States*, 194 F. Supp. 3d 728 (N.D. Ill. 2016). The United States

Court of Appeals for the Seventh Circuit affirmed this Court's decision in an opinion published May 8, 2017. *Wisconsin Central Ltd. v. United States*, 856 F.3d 490 (7th Cir. 2017).

The United States Supreme Court reversed the Court of Appeals' decision on June 21, 2018. The Supreme Court held that the CN stock transferred to employees exercising stock options was not a form of money remuneration taxable as "compensation" under the RRTA. *Wisconsin Central Ltd. v. United States*, 138 S. Ct. 2067 (2018).

After remand to the Court of Appeals and then to this Court in late 2018 for further proceedings consistent with the Supreme Court's decision (see Dkt 50 and 51), the parties (including the Internal Revenue Service) have worked together on the computation of the tax refunds due to IC and to its employees based on the Supreme Court's construction of the RRTA. The parties agreed on the final refund computations last month. These computations take into account that employees are allowed to provide written consents to receive back their withheld portion of the RRTA tax on CN stock. The final agreed computations include both the employer portion and the employee portion of the tax for each year in issue. These are the tax refund amounts reflected in the attached proposed final judgment. The parties have also agreed on the allowable costs.

It should be noted that plaintiff IC, together with its affiliates Wisconsin Central Ltd. and Grand Trunk Western Railroad Company which are parties to this litigation in related dockets and are also receiving RRTA refunds,[*] will distribute the employee portions of the refunds to all

---

[*] *Wisconsin Cent. Ltd. v. United States*, No. 14-cv-10243 (N.D. Ill.); *Grand Trunk W. R.R. Co. v. United States*, No. 14-cv-10244 (N.D. Ill.). Essentially identical Agreed Motions for Entry of Final Judgment are being filed simultaneously in all three dockets.

the individual consenting employees together with the interest on each individual employee refund.

## CONCLUSION

For the reasons stated, both parties respectfully move this Court to enter final judgment in favor of the plaintiff IC and against the defendant United States, and order the payment of tax refunds, interest and costs to the plaintiff in a judgment substantially in the form attached hereto as Exhibit A.

Dated: March 6, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
  Principal Deputy Ass't Attorney General

 /s/ Noreene Stehlik

NOREENE STEHLIK
  Trial Attorney, Tax Division
  U.S. Department of Justice
  Post Office Box 55
  Washington, DC 20044
  Tel 202.514.6489


Of Counsel:
PRASHANT KOLLURI
  Assistant United States Attorney

*Attorneys for Defendant*

 /s/ William J. McKenna
William J. McKenna
Jonathan W. Garlough
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel 312.832.4541
Fax 312.832.4700
wmckenna@foley.com
jgarlough@foley.com

Richard F. Riley, Jr.
David T. Ralston, Jr.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC 20007-5109
Tel 202.295.4712
Fax 202.672.5399
rriley@foley.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I, William J. McKenna, an attorney, do hereby certify that on March 6, 2019, I electronically filed the foregoing Agreed Motion for Entry of Final Judgment with the Clerk of the United States District Court for the Northern District of Illinois. Notice and service of this filing will be provided to all counsel of record via CM/ECF.

                                                    /s/ William J. McKenna

EXHIBIT A

AGREED FORM OF FINAL JUDGMENT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS CENTRAL RAILROAD COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | No. 14-cv-10246 <br> Hon. Gary Feinerman |

## FINAL JUDGMENT IN A CIVIL ACTION

Pursuant to the decision of the Supreme Court of the United States in *Wisconsin Central Ltd. v. United States*, 138 S. Ct. 2067 (June 21, 2018), and reflecting the agreed tax refund computations of the parties, judgment is entered in favor of the plaintiff, Illinois Central Railroad Company ("IC"), and against the defendant, United States of America.

Defendant shall pay the sum of $12,486,494.89 to IC, representing a refund of taxes under the Railroad Retirement Tax Act, 26 U.S.C. §§ 3201-3241, as detailed in Table 1 below, together with interest at the overpayment rate established under 28 U.S.C §§ 1961(c)(1) and 2411 and 26 U.S.C. §§ 6611(a), 6621(a)(1) and 6622, and for the period provided in 26 U.S.C. § 6611(b)(2).

Defendant shall also pay costs to IC in the amount of $905.00, pursuant to 28 U.S.C. §§ 2412(a)(1) and 1920, as detailed in Table 2 below.

## TABLE 1. REFUNDS OF TAX TO IC

The refunds of tax, exclusive of interest, to be paid to plaintiff IC, with respect to each taxable year in suit and showing the employer tax and the employee tax separately, are as follows:

| Taxable Year | Employer Refund | Employee Refund | Total Refund |
|---|---|---|---|
| 2006 | $ 935,669.51 | $ 838,824.88 | $ 1,774,494.38 |
| 2007 | $ 577,959.84 | $ 488,313.82 | $ 1,066,273.65 |
| 2008 | $ 659,246.75 | $ 529,494.47 | $ 1,188,741.23 |
| 2009 | $ 786,146.12 | $ 747,369.49 | $ 1,533,515.61 |
| 2010 | $ 1,220,198.49 | $ 1,120,769.03 | $ 2,340,967.51 |
| 2011 | $ 786,585.20 | $ 689,592.57 | $ 1,476,177.77 |
| 2012 | $ 1,426,510.77 | $ 1,282,215.80 | $ 2,708,726.57 |
| 2013 | $ 213,863.72 | $ 183,734.46 | $ 397,598.17 |
| TOTALS FOR IC: | $ 6,606,180.39 | $ 5,880,314.50 | **$ 12,486,494.89** |

## TABLE 2. COSTS TO IC

| | |
|---|---|
| U.S. District Court, N.D. Ill. filing fee (Dec. 22, 2014) | $ 400.00 |
| U.S. Court of Appeals for the 7th Cir. filing fee (Aug. 29, 2016) | $ 505.00 |
| COSTS ALLOWED TO IC: | $ 905.00 |

DATE: _____ _____
Gary Feinerman
United States District Judge

4844-8321-7545.2